## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LISA RATZLAFF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-23-1136-G |
| | ) |
| **THE COMMONS,** | ) |
| | ) |
| **Defendant.** | ) |

## **ORDER**

Now before the Court are several motions submitted by pro se Plaintiff Lisa Ratzlaff (Doc. Nos. 14, 17, 23, 24, 25), as well as responses (Doc. Nos. 16, 26, 27) and replies (Doc. Nos. 19, 28, 29).

First, Plaintiff request that the Court appoint counsel to represent her in this action (Doc. Nos. 14, 25). "A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." *Lister v. City of Wichita*, 666 F. App'x 709, 713 (10th Cir. 2016) (internal quotation marks omitted). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may "request" legal representation for a civil litigant "who is unable to afford counsel." Such a request is rare and is not warranted at this stage of the proceedings.

Despite her lack of an attorney, Plaintiff has submitted a pleading outlining her legal claims and factual allegations. Plaintiff also has been able to present various filings in articulate and reasonably clear form. Plaintiff represents that she has been unable to secure representation, but these circumstances do not distinguish the present case from numerous

others.  *Cf. McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) ("The burden is upon the [*in forma pauperis*] applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (noting that in determining whether the appointment of counsel for an indigent prisoner is warranted, the court considers "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims").  This request is denied.  Plaintiff's request to place under seal certain of the exhibits submitted in support is granted, however.

Next, Plaintiff seeks permission to use the Court's Electronic Case Filing ("ECF") System as a pro se filer.  This Court's *ECF Policies & Procedures Manual* explicitly provides, however, that "[l]itigants proceeding *pro se* (without attorney representation) may not file electronically." *ECF Policies & Procedures Manual* § I(A)(1).  The Court finds no basis for an exception has been shown.  Plaintiff shall continue to file paper documents by presenting them to the Court Clerk's Office either in person or through U.S. Mail.

## CONCLUSION

As outlined above, Plaintiff's Motions for Appointment of Counsel (Doc. Nos. 14, 25) are DENIED.  Plaintiff's Motion for ECF Permissions (Doc. No. 17) is DENIED.

Plaintiff's Motions to Seal (Doc. Nos. 23, 24) are GRANTED.  The Court Clerk is directed to place Document No. 25-3 under seal.

IT IS SO ORDERED this 4th day of February, 2025.

                                                  */s/ Charles B. Goodwin*
                                                  CHARLES B. GOODWIN
                                                  United States District Judge