UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA RATZLAFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-23-1136-G |
| | ) |
| THE COMMONS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Lisa Ratzlaff initiated this pro se employment-discrimination action on December 13, 2023. After Defendant The Commons moved to dismiss, Plaintiff filed an Amended Complaint (Doc. No. 11), alleging wrongful termination and retaliation in violation of the Americans with Disabilities Act.

Defendant has now filed a Motion to Dismiss (Doc. No. 12) the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff in turn has filed a Motion to Amend (Doc. No. 18), seeking leave to file a third amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendant has responded in opposition (Doc. No. 21), and Plaintiff has filed a Reply (Doc. No. 22).

*I. Relevant Standard*

Rule 15(a)(2) of the Federal Rules of Civil Procedure prescribes that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this Rule, courts enjoy "wide discretion" to permit amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th

Cir. 2009) (internal quotation marks omitted). Leave to amend should be denied only upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation marks omitted). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

   II. Discussion

As characterized by Defendant, Plaintiff's proposed pleading provides "more detail into Plaintiff's alleged diagnosis with major depressive disorder and generalized anxiety disorder" and how the impairments substantially limit certain of Plaintiff's major life activities. Def.'s Resp. at 3 (citing Pl.'s Mot. Ex. 1, Proposed Third Am. Compl. ¶ 5 (Doc. No. 18-1)). Plaintiff's proposed amendment also provide new dates and details regarding Plaintiff's right-to-sue letter from the EEOC. *See id.*; Proposed Third Am. Compl. ¶ 25.

Defendant argues that Plaintiff's request is "clearly dilatory" and that Defendant would be prejudiced by having to address a new pleading. Def.'s Resp. at 5. Defendant additionally contends that Plaintiff has failed to explain why these additional allegations were not previously presented to the Court. *See id.* Plaintiff responds in relevant part that she is making a good-faith effort to comply with the litigation requirements, given

her pro se status and disabilities, and that Defendant's assertions of undue delay and prejudice are unfounded. *See* Pl.'s Reply at 2-3.

Having considered the Motion and relevant authority, the Court finds that Plaintiff has presented "adequate explanation for the delay" in seeking amendment. *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Further, Defendant has not shown that amendment would result in any significant prejudice or unfairness in this matter. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Here, as Defendants concede, the proposed new allegations concern only "the subject matter . . . already alleged" and "d[o] not propose substantially different issues." *Id.* (internal quotation marks omitted); *see, e.g.*, Proposed Third Am. Compl. ¶¶ 5, 25.

## CONCLUSION

For all these reasons, Plaintiff's Motion to Amend (Doc. No. 18) is GRANTED. Plaintiff shall file the third amended complaint (currently presented as an exhibit to the Motion to Amend at Doc. No. 18-1) within seven (7) days of the date of this Order.

Defendant's Motion to Dismiss (Doc. No. 12) is DENIED AS MOOT.

IT IS SO ORDERED this 4th day of February, 2025.

                                              CHARLES B. GOODWIN
                                              United States District Judge